UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>SANJAY SETHI,<br><br>    Defendant.<br>_____/ | No. C-11-3339 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER TO THE COMPLAINT**<br><br>**(Docket No. 25)** |

Plaintiff's motion to strike portions of Defendant's answer to the complaint came on for hearing before the Court on December 19, 2011. Docket No. 25. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to transfer venue.

### I.    FACTUAL & PROCEDURAL HISTORY

Plaintiff Federal Deposit Insurance Company, acting as receiver for IndyMac Bank, F.S.B. ("IndyMac") and Bank United, F.S.B. ("Bank United"), brought this suit against Defendant Sanjay Sethi, doing business as On Time Appraisals. Plaintiff alleges that Defendant negligently prepared appraisals of property that IndyMac and Bank United relied upon in making mortgage financial transactions. Compl. ¶¶ 21-22, 53-55.

On July 19, 2007, IndyMac funded two mortgage loans for Ramin Sharaf, totaling $855,000, for the purchase of real property in Tracy, California ("Sharaf Property"). Compl. ¶ 13. In making this loan, IndyMac relied on an April 2007 Uniform Residential Appraisal Report prepared by Defendant, which valued the Sharaf Property at $900,000. Compl. ¶ 14. Defendant prepared the

appraisal pursuant to a contract with First Point Financial, and allegedly understood that the appraisal would be used by lenders in connection to funding mortgages. Compl. ¶¶ 15, 16. In preparing the appraisal, Defendant certified, acknowledged, and agreed that the appraisal was prepared in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice, which requires basing the appraisal on comparable market data. Compl. ¶ 19. Plaintiffs allege that contrary to the Uniform Standards, Defendant overvalued the Sharaf Property by basing his appraisal on substantially larger properties, misrepresenting the location of the Sharaf Property, and ignoring comparable sales. Compl. ¶ 21. As a result of the negligent preparation and misrepresentation in the assessment, IndyMac allegedly suffered foreseeable damage of $622,145.42.

Similarly, on August 29, 2007, Bank United funded a refinance mortgage loan for Adam Reyes, in the amount of $506,000, on real property in Stockton, California ("Reyes Property"). Compl. ¶ 23. Bank United likewise relied on a May 2007 Uniform Residential Appraisal Report prepared by Defendant, who prepared the appraisal pursuant to a contract with First Financial Group on the understanding that the appraisal would be used by lenders in connection to making loans. Compl. ¶¶ 24, 25, 28. Although Defendant certified that the appraisal was prepared in accordance with the Uniform Standards, Defendant allegedly overvalued the property by basing his appraisal on substantially larger properties, misrepresenting the location of the Reyes Property, and ignoring comparable sales. Compl. ¶ 31. As a result of the negligent preparation and misrepresentation in the assessment, Bank United suffered an unknown amount of damages. Compl. ¶ 32.

Based on these appraisals, Plaintiff brought this suit, alleging breach of contract to a third party beneficiary and negligent misrepresentation. Defendant's answer raised 14 affirmative defenses, including comparative negligence as to Plaintiff's negligent misrepresentation claim. Answer ¶ 76.

## II. DISCUSSION

A. Standard of Review

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is

immaterial if it has no essential or important relationship to a claim for relief or defense, and is impertinent if it does not pertain to or is not necessary to issues in question. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Ultimately, the purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Id.* at 973 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)).

B. <u>Comparative Negligence as a Defense to Negligent Misrepresentation</u>

In California, a plaintiff's comparative negligence in relying on a defendant's misrepresentation is generally not a defense to misrepresentation. Where a defendant misrepresents the facts and induces the plaintiff to rely on those misrepresentations, the defendant cannot assert that the plaintiff's "reliance was negligent unless plaintiff's conduct, in the light of his intelligence and information, is preposterous or irrational." *Van Meter v. Bent Constr. Co.*, 46 Cal. 2d 588, 595 (1956). Thus, California does not recognize the defense of comparative negligence in negligent misrepresentation cases, except where the plaintiff's reliance reaches *Van Meter's* "preposterous or irrational" standard. *See* 5 Witkin, *Torts* § 819 (2005) ("In jurisdictions in which negligent misrepresentation is considered a form of negligence governed by the rules of negligence liability, comparative negligence would limit recovery. California, classifying the tort as a form of deceit, does not recognize the defense in these cases."); *Carroll v. Gava*, 98 Cal. App. 3d 892, 896; *FDIC v. Warren*, No. C11-3260 CW, 2011 U.S. Dist. LEXIS 123489, at *4 (N.D. Cal. Oct. 25, 2011).

Defendant argues that *Van Meter* is superceded by *Li v. Yellow Cab Co.*, which applied comparative negligence to negligence cases.[1] Opp. at 2 (citing *Li v. Yellow Cab Co.*, 13 Cal. 3d 804, 826 (1975). However, *Li* concerned negligence liability, whereas California recognizes misrepresentation as a species of the tort of deceit, separate and distinct from negligence. *See Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 407 (1992). This distinction between negligent misrepresentation and negligence is justified by the respective policies behind misrepresentation and comparative negligence. In *Carroll*, the court found that the modern of law of misrepresentation

---

[1] Plaintiff does not dispute that *Van Meter v. Bent Construction Co.* applies to cases involving intentional misrepresentation.

evolved from cases concerning deceit in business transactions. 98 Cal. App. 3d at 897. Because business transactions rely on:

> the accuracy of information imparted in buying and selling, . . . the risk of falsity is on the one who makes a representation. This straightforward approach provides an essential predictability to parties in the multitude of everyday exchanges; comparative fault principles, designed to mitigate the often catastrophic consequences of personal injury, would only create unnecessary confusion and complexity in such transactions.

*Id.*

Defendant cites no case law that suggests otherwise. Defendant's citation of *Kohn v. Superior Court of San Mateo County* is distinguishable. At most, *Kohn* found that comparative fault principles applied to apportion fault as between joint tortfeasors who made misrepresentations to the plaintiff. 142 Cal. App. 3d 323, 326 (1983). The court did not find that comparative negligence is a defense to a negligent misrepresentation. Instead, it found that cases such as *Carroll* were inapposite because "*Carroll* stands for the proposition that as long as the plaintiff is not aware of the true state of facts his negligence in not ascertaining them will not be compared with the negligence of the defendant in making the misrepresentation." *Id.* at 331. Thus, *Kohn* does not support Defendant's proposition that comparative negligence is a defense to negligent misrepresentation.

In the instant case, Plaintiff moves to dismiss Defendant's eleventh affirmative defense, which states:

> The damages sustained by plaintiff were either wholly or in part negligently caused by and/or the fault of persons, firms, corporations, or entities other than this answering defendant, and said negligence and/or fault, comparatively reduces the percentage of negligence and/or fault, if any, by this answering defendant. More specifically, Plaintiff's comparative negligence in the underwriting of the subject loan caused or contributed to Plaintiff's claimed damages relating to the approval of the subject loan. Additionally, Plaintiff relied on the acts and representations of the borrower(s) and/or mortgage broker to underwrite the loan and its damages are either in whole or in part negligently caused by the mortgage broker.

Answer ¶ 76. This defense does not allege that Plaintiff's reliance on Defendant's alleged misrepresentations was irrational or preposterous, and thus fails to meet the *Van Meter* standard. Accordingly, the Court strikes Defendant's eleventh affirmative defense, with leave to amend. This ruling does not affect Defendant's ability to assert and substantiate with evidence that Plaintiff's

negligence in *e.g.* relying on the acts and representations of third parties *other* than Defendant affects damages and causation.

### III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion to strike Defendant's eleventh affirmative defense with leave to amend within 30 days.

This order disposes of Docket No. 25.

IT IS SO ORDERED.

Dated: December 22, 2011

_____
EDWARD M. CHEN
United States District Judge